1
2
3
4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7    BILAL ADOM,                                Case No.  22-cv-07150-JSW

                    Plaintiff,
8
                                                **ORDER OF PARTIAL DISMISSAL**
9         v.                                    **AND OF SERVICE**

10   CDCR, et al.,

                    Defendants.
11

12                               **INTRODUCTION**

13        Plaintiff, a California prisoner proceeding pro se, filed this civil rights case under 42

14   U.S.C. § 1983 against prison officials for violating his rights at Salinas Valley State Prison.  He

15   has paid the filing fee.  For the reasons discussed below, some claims are dismissed and the

16   complaint is ordered served on certain Defendants.

17                                 **ANALYSIS**

18   **A.    STANDARD OF REVIEW**

19        Federal courts must engage in a preliminary screening of cases in which prisoners seek

20   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

21   1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

22   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

23   monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se

24   pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

25   Cir. 1990).

26        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

27   claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

28   statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon

United States District Court
Northern District of California

1   which it rests.'"'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although

2   in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

3   obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and

4   conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

5   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*

6   *Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint

7   must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

8         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1)

9   that a right secured by the Constitution or laws of the United States was violated, and (2) that the

10  alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*,

11  487 U.S. 42, 48 (1988).

12  **B.    LEGAL CLAIMS**

13        Plaintiff alleges that he suffers from incontinence and a variety of other medical

14  conditions.  He claims that Defendants were involved in denying him, or supplying him

15  insufficient, supplies to address this incontinence.  He further alleges that Defendants Dr. Monte

16  Grande unnecessarily and deliberately hurt him during an examination and Dr. Lotersztain

17  knowingly performed an unnecessary prostate examination. When liberally construed, his

18  allegations state cognizable claims under the Eighth Amendment against Defendants Warden M.

19  Atcherly, Chief Medical Officer S. Sawyer, A.D.A. Coordinator R. Mojica, Dr. Monte Grande,

20  Dr. Scott Ladd, and Dr. Lotersztain.

21        His allegations state a cognizable claim against the California Department of Corrections

22  and Rehabilitation ("CDCR") for violating the Americans with Disabilities Act by failing to

23  provide him with adequate incontinence supplies.  The damages claims against the CDCR under

24  the Eighth Amendment are not cognizable, however, because the Eleventh Amendment provides

25  the CDCR immunity from such claims.

26        Plaintiff also alleges that Defendant Nurse Bianca Rubio told him that she was not

27  authorized to provide him incontinence supplies and informed him who he should ask.  He also

28  alleges that during the examination by Dr. Grande, she retrieved the reflex hammer from another

United States District Court
Northern District of California

room at Dr. Grande's request.  These allegations do not state a cognizable claim that she was deliberately indifferent to his medical needs in violation of the Eighth Amendment.

**CONCLUSION**

For the reasons set out above,

1.  Plaintiff's Eighth Amendment claim against the CDCR and all of his claims against Defendant Bianca Rubio are DISMISSED because they do not state a claim upon which relief may be granted.

2.  Defendants Warden M. Atcherly, Chief Medical Officer S. Sawyer, A.D.A. Coordinator R. Mojica, Dr. Monte Grande, Dr. Scott Ladd, and Dr. Lotersztain shall be served at Salinas Valley State Prison.  The California Department of Corrections and Rehabilitation shall be served in Sacramento, California.

Service shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the Complaint, this Order, a CDCR Report of E-Service Waiver form, and a summons.  The clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-

United States District Court
Northern District of California

3

1    Service Waiver.

2        3.  The Defendants **shall** file an answer in accordance with the Federal Rules of Civil

3    Procedure.

4        4.  In order to expedite the resolution of this case:

5            a.  No later than **91 days** from the date this order is filed, the remaining defendants,

6    including those who have been ordered served above, shall file a motion for summary judgment or

7    other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by

8    summary judgment, they shall so inform the court prior to the date the summary judgment motion

9    is due.  All papers filed with the court shall be promptly served on the plaintiff.

10           b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

11   court and served upon defendants no later than **28 days** from the date of service of the motion.

12   Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him

13   pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v.*

14   *Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

15           c.  Defendants **shall** file a reply brief no later than **14 days** after the date of service

16   of the opposition.

17           d.  The motion shall be deemed submitted as of the date the reply brief is due.  No

18   hearing will be held on the motion unless the court so orders at a later date.

19           e.   Along with his motion, defendants shall file proof that they served plaintiff the

20   *Rand* warning at the same time they served him with their motion.  Failure to do so will result in

21   the summary dismissal of their motion.

22       5.  All communications by the plaintiff with the court must be served on defendants, or

23   defendants' counsel once counsel has been designated, by mailing a true copy of the document to

24   defendants or their counsel.

25       6.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No

26   further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required

27   before the parties may conduct discovery.

28       Plaintiff is reminded that state prisoners inmates may review all non-confidential material

United States District Court
Northern District of California

4

in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the court.

7.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 1, 2023

_____
JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.