James J. Zenere SB No. 151724
Adam M. Stoddard SB No. 272691
ZENERE COWDEN & STODDARD APC
2005 De La Cruz Blvd., Suite 240
Santa Clara, CA 95050
(408) 430-3551
jzenere@zcslawfirm.com
astoddard@zcslawfirm.com

Attorneys for Defendants SCOTT LADD, M.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRCIT OF CALIFORNIA

| | |
|---|---|
| BILAL ADOM,<br><br>    Plaintiff,<br><br>vs.<br><br>CDCR; M. ATCHLEY, WARDEN; DR. MONTE GRANDE; DR. LADD; DR. LOTERZTAIN; CMO, S. SAWYER; ADA COORDINATOR, R. MEJICA; CNA, BIANCA RUBIO; JOHN AND JABE DOES 1 THORUGH 4; ET AL,<br><br>    Defendants. | Case No.: 22-cv-07150-JSW<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: November 15, 2022 |

Defendant, SCOTT LADD, M.D., hereby submits the following Answer to Plaintiff's Complaint.

**INTRODUCTION**

1. Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained in introductory paragraphs, and therefore denies the allegations on that basis.

**JURISDICTION**

1. Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained in the jurisdiction paragraph, and therefore denies the allegations on that basis.

**VENUE**

1. Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained in the venue paragraph, and therefore denies the allegations on that basis.

ANSWER TO PLAINTIFF'S COMPLAINTDEMAND FOR JURY TRIAL - 1

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained in the exhaustion of administrative remedies paragraph, and therefore denies the allegations on that basis.

## PARTIES

1. Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained in the parties' paragraph, and therefore denies the allegations on that basis.

## DEFENDANTS

1. Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained in the following paragraphs, and therefore denies the allegations on that basis: 5, 6, 7, 8, 10, 11, 12, 13, 14, and 15.

2. As to paragraph 9 of the Complaint, answering Defendant admits that Defendant is a doctor licensed to practice medicine. Answering Defendant denies all other allegations contained in paragraph 9 of the Complaint.

## STATEMENT OF FACTS

1. Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained in the following paragraphs, and therefore denies the allegations on that basis: 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 47, 48, 49, 50, 51, 52, 53, and 54.

2. As to paragraph 46 of the Complaint, answering Defendant admits that he evaluated Plaintiff on December 7, 2021, that Plaintiff requested incontinence supplies, that incontinence supplies were sometimes abused in the prison system, that Defendant did not provide Plaintiff with the incontinence supplies he requested as they were not indicated, and that Defendant prescribed oxybutynin. Answering Defendant denies all other allegations contained in paragraph 46 of the Complaint.

## LEGAL ARGUMENTS/POINTS AND AUTHORITIES

1. Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained in the following paragraphs, and therefore denies the allegations on that basis: 54, 55, 56, and 57.

## ADA CLAIM AGAINST CDCR

1. Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained in the following paragraphs, and therefore denies the allegations on that basis: 58, 59, 60, 61, 62, 63, 64, and 65.

## ALL DEFENDANTS COMMITTED DELIBERATE INDIFFERENCE AGAINST ADOM

1. Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained in the following paragraphs, and therefore denies the allegations on that basis: 66, 67, 69, 70, 71, and 72.

2. As to paragraph 68 of the Complaint, answering Defendant admits that evaluated Plaintiff on December 7, 2021, that Plaintiff requested incontinence supplies, that incontinence supplies were sometimes abused in the prison system, that Defendant did not provide Plaintiff with incontinence supplies he requested as they were not indicated, and that Defendant prescribed oxybutynin. Answering Defendant denies all other allegations contained in paragraph 68 of the Complaint.

## FIRST CAUSEOF ACTION AGAINST ALL DEFENDANTS 42 U.S.C. SECTION 1983

1. Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained in the following paragraphs, and therefore denies the allegations on that basis: 73, 74, 75, 76, 77, 78, and 79.

## SECOND CAUSE OF ACTION AGAINST CDCR UNDER TITLE II OF THE AMERICANS WITH DISABILITIES ACT

1. Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained in the following paragraphs, and therefore denies the allegations on that basis: 80, 81, 82, 83, 84, and 85.

## CONCLUSUSION

1. Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph, and therefore denies the allegations on that basis. Regarding the allegation about Defendant specifically, Defendant denies the allegation.

///

## PRAYER FOR RELIEF

1. In response to the prayer for relief contained in paragraphs 1-7, Defendant denies all prior allegations and thereby denies that Plaintiff was damaged in any manner by this answering Defendant or that Plaintiff is entitled to the relief sought.

## XV

1. Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained in these paragraphs, and therefore denies the allegations on that basis.

## AFFIRMATIVE DEFENSES

Defendant reserves the right to assert any and all applicable defenses to Plaintiff's claims. Defendant has not yet completed discovery in this action, and therefore, reserves the right to amend or otherwise supplement this pleading on that basis. Without limiting the generality of the foregoing, without regard to whether the defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. Proc. 8(c), and without conceding that any such defense must be set forth in this answer, this answering Defendant states the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts sufficient to state a cause of action against this Answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts sufficient to state a cause of action against this Answering Defendant because there was no deliberate indifference.

### THIRD AFFIRMATIVE DEFENSE

This Answering Defendant's actions were objectively reasonable in light of the facts and circumstances confronting him, and his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

### FOURTH AFFIRMATIVE DEFENSE

The acts or omissions set forth in the Complaint, even if proven true, constitute mere negligence and were neither intentional, willful, nor grossly negligent, and as a consequence, fail to state a claim for relief and are insufficient to maintain a cause of action pursuant to 42 U.S.C. § 1983 (Eighth Amendment).

## FIFTH AFFIRMATIVE DEFENSE

This Answering Defendant did not deprive any person, including Plaintiff, of any right, privilege, or immunity guaranteed by the Constitution or laws of the United States or the State of California, and therefore, this Answering Defendant is not liable as herein alleged.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff was careless and negligent in and about the matters alleged in the Complaint, and such carelessness and negligence caused, or proximately contributed to the occurrence of the incident and to the injuries, loss and damages or harm complained of, if any there were.

## SEVENTH AFFIRMATIVE DEFENSE

This Answering Defendant alleges that Plaintiff's Complaint is barred by the statute of limitations, including without limitation, as set forth in California Code of Civil Procedure Sections 335.1, 340, 340.5, 342, and 364 and California Government Code Sections 911.2 and 911.4.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by Plaintiff's failure to exhaust his administrative remedies.

## NINTH AFFIRMATIVE DEFENSE

If Plaintiff were entitled to recover for any loss suffered or sustained at the times alleged, although such is not admitted hereby or herein, then the total amount of damage or attorneys' fees to which Plaintiff would otherwise be entitled shall be reduced in proportion to the amount of negligence attributable to Plaintiff and which negligence directly and proximately contributed to Plaintiff's loss, harm, or damages herein alleged.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, losses, harm or damages, if any, were proximately caused by a superseding and intervening cause.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are frivolous, unreasonable and/or without foundation, and accordingly, this Answering Defendant should recover all costs and attorneys' fees incurred herein from Plaintiff.

///

## TWELFTH AFFIRMATIVE DEFENSE

This answering Defendant may elect to claim the benefits of the provisions of California Civil Code sections 3333.1, 3333.2, 1431.2, 1714.8, California Code of Civil Procedure Section 667.7, and California Business and Professions Code Section 6146 and offer evidence relating thereto.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any injury, damage, or harm sustained by Plaintiff was a direct and proximate result of Plaintiff's conduct and/or the conduct of unrelated third parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

This answering Defendant alleges that at the time and place of the incident herein alleged, Plaintiff did not exercise ordinary care, caution or prudence to avoid the incident of which Plaintiff complains, and that said incident, injury and damage, if any, resulting therefrom were proximately caused and contributed to by the negligence of Plaintiff as aforesaid.

## FIFTEENTH AFFIRMATIVE DEFENSE

This answering Defendant contends that the sole and/or partial proximate cause of the damages claimed was due to the negligence of persons, firms or entities other than this answering Defendant, including but not limited to Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

This answering Defendant alleges that Plaintiff failed to exercise reasonable care and diligence to mitigate his damages, if any.

## SEVENTEENTH AFFIRMATIVE DEFENSE

This Answering Defendant alleges that Plaintiff's Complaint, to the extent that it seeks punitive or exemplary damages pursuant to section 3294 of the California Civil Code, violates Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of California, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This Answering Defendant alleges that Plaintiff's Complaint, to the extent that it seeks punitive or exemplary damages pursuant to section 3294 of the California Civil Code, violates Defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 17, of the Constitution of the State of

California, and violates Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

### NINETEENTH AFFIRMATIVE DEFENSE

This Answering Defendant alleges that Plaintiff's Complaint, and each cause of action therein, is barred by reason of Article VI of the United States Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE

This Answering Defendant alleges that Plaintiff consented to the treatment he received, and any injury, if any he received, was a known risk of the treatment.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

This Answering Defendant is immune from liability pursuant to the California Government Code, including but not limited to California Government Code sections 815, 815.2, 815.4, 815.6, 818, 818.2, 818.6, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821, 821.4, 821.6, 821.8, 822.2, 830, 830.2, 835, 835.2, 835.4, 840, 840.6, 844.6, 845, 845.2, 845.4, 845.6, 845.8, 846, 950.2 and 950.6.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

This Answering Defendant alleges that Plaintiff has failed to comply with the requirements of the California Government Claims Act (aka "California Tort Claims Act").

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, is barred by the doctrines of estoppel and/or waiver.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff acted with full knowledge of all facts and circumstances surrounding his injuries and assumed the risk of the matters causing the injuries, and the risk Plaintiff assumed proximately contributed to and proximately caused his injuries, if any there were.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

This Answering Defendant contends that she is immune from liability pursuant to state and federal law and pursuant to the principles of qualified immunity.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

ANSWER TO PLAINTIFF'S COMPLAINTDEMAND FOR JURY TRIAL - 7

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by unclean hands and/or Plaintiff's willful misconduct.

## TWENTY-EIGTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Prison Litigation Reform Act.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

This Answering Defendant is immune from liability pursuant to California Government Code Section 844.6 which provides immunity from liability for an injury proximately caused by any prisoner or to any prisoner.

## THIRTIETH AFFIRMATIVE DEFENSE

If Plaintiff sustained any injury or damage, it is on the basis of an occurrence or result occasioned by the natural course of a disease or condition, or was the natural or expected result of reasonable treatment rendered for the disease or condition, for which this Defendant shall not be liable pursuant to Civil Code Section 1714.8.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

If this Answering Defendant is found to be a public employee, then he is therefore exempt from prejudgment interest. Civil Code Section 3291.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

This Answering Defendant alleges that Plaintiff was himself careless and negligent in and about the matters alleged in the Complaint, and that the carelessness and negligence of Plaintiff proximately contributed to the happening of the incident and that the plaintiff's contributory negligence either bars a recovery, or proportionately reduces any potential verdict.

## PRAYER

WHEREFORE, this answering Defendant prays for judgment in his favor and against Plaintiff as follows:

1. Plaintiff take nothing by reason of his Complaint;

2. That the Complaint be dismissed with prejudice;

3. This answering Defendant be awarded his costs of suit; and

4. This answering Defendant be awarded such other and further relief as the Court may deem just and proper.

///

Dated: May 12, 2023

ZENERE COWDEN & STODDARD APC

_____
JAMES ZENERE
ADAM STODDARD
Attorneys for Defendants SCOTT LADD, M.D.

ANSWER TO PLAINTIFF'S COMPLAINTDEMAND FOR JURY TRIAL - 9

# CERTIFICATE OF SERVICE

I am a citizen of the United States. My business address is 2005 De La Cruz, Suite 240, Santa Clara, CA 95050. I am employed in Santa Clara County where this service occurred. I am over the age of 18 years and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing and facsimile. In the case of mailing [other than overnight delivery], the practice is that correspondence is deposited in the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On Friday, May 12, 2023, I served the within **ANSWER TO PLAINTIFF'S COMPLAINT/ DEMAND FOR JURY TRIAL** on the PARTIES in said action as follows:

| BILAL ADOM<br>CDCR# T28813<br>SALINAS VALLEY STATE PRISON<br>ATTN: LITIGATION DEPT.<br>31925 HIGHWAY 101<br>SOLEDAD CA 93960 | |
|---|---|

☒ (BY MAIL) I caused a true copy of each document identified above to be placed in a sealed envelope with first-class postage affixed. Each such envelope was deposited for collection and mailing that same day in the ordinary course of business in the United States mail at San Jose, California.

☐ (BY PERSONAL SERVICE) I caused a true copy of each document identified above to be delivered by hand to the offices of each addressee above.

☐ (BY OVERNIGHT DELIVERY) I caused a true copy of each document identified above to be sealed in an envelope to be delivered to an overnight carrier with delivery fees provided for, addressed of each addressee above.

☐ (BY-E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the persons at the e-mail address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (BY ELECTRONIC SERVICE) I caused each of the above-named documents to be delivered by email to the parties via One Legal E-Service upload link.

☐ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                                                                     */s/ Diane Point*
                                                                      Diane Point