UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL ADOM,<br><br>        Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>        Defendants. | Case No. 22-cv-07150-JSW<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING EXTENSION OF TIME**<br><br>Re: Dkt. Nos. 5, 13, 15 |

Plaintiff, a California prisoner proceeding pro se, filed this civil rights case. Plaintiff filed a motion for a temporary restraining order ("TRO") and a preliminary injunction. Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b). Plaintiff has not served the motion on the Defendants, provided them notice of the motion, nor has he certified the efforts he made to give notice or the reasons notice should not be required.

Furthermore, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff has not shown a likelihood of success on the merits. The issues raised in the motion for a TRO --- relating to having a cellmate and the size and conditions of his cell --- are different than the claims in his

complaint, which concern the accommodations for his incontinence.  The motion does not address the merits of the claims in his complaint.  As for the claims in the motion, it is clear that Plaintiff has not exhausted his administrative remedies on such claims, as required by 28 U.S.C. § 1997e(a).  Plaintiff cannot bring these claims in federal court until he has pursued them through all available administrative remedies.  Moreover, the harm Plaintiff alleges is neither serious nor irreparable.

Consequently, the motion for a TRO and a preliminary injunction (ECF No. 15) is DENIED.

Good cause appearing, Defendants' motion for an extension of time to file a dispositive motion is GRANTED.  (ECF No. 13.)  The motion is due on or before June 30, 2023, the opposition is due on or before July 28, 2023, and the reply brief is due on or before August 11, 2023.

Plaintiff's motion for permission to make corrections to the complaint is GRANTED. (ECF No. 5.)

**IT IS SO ORDERED.**

Dated: 5/18/2023

_____
JEFFREY S. WHITE
United States District Judge