James J. Zenere SB No. 151724
Adam M. Stoddard SB No. 272691
ZENERE COWDEN & STODDARD APC
2005 De La Cruz Blvd., Suite 240
Santa Clara, CA 95050
(408) 430-3551
jzenere@zcslawfirm.com
astoddard@zcslawfirm.com

Attorneys for Defendants SCOTT LADD, M.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL ADOM,<br><br>　　　　Plantiff,<br><br>vs.<br><br>CDCR; M. ATCHLEY, WARDEN; DR. MONTE GRANDE; DR. LADD; DR. LOTERZTAIN; CMO, S. SAWYER; ADA COORDINATOR, R. MEJICA; CNA, BIANCA RUBIO; JOHN AND JABE DOES 1 THORUGH 4; ET AL,<br><br>　　　　Defendants. | Case No.: 22-cv-07150-JSW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Complaint Filed: November 15, 2022 |

## I.　INTRODUCTION

Plaintiff, BILAL ADOM ("Plaintiff"), alleges that on December 7, 2021, Defendant SCOTT LADD, M.D. evaluated Plaintiff and at that time, Plaintiff requested "incontinence protections"; however, Defendant said that prisoners were malingering their incontinence conditions and their need for incontinence supplies, and thereby abusing the prison system which was costly. Plaintiff alleges that Defendant denied his request, but prescribed Oxybutynin. Plaintiff alleges that Defendant was acting under the color of State law and was deliberately indifferent to Plaintiff's serious medical condition. The Court held that Plaintiff successfully stated an Eighth Amendment claim against Defendant.

Defendant respectfully submits his Motion for Summary Judgment ("MSJ"), along with all documents in support therewith, which confirm that Defendant fully complied with the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

standard of care, and that no act or omission to act on Defendant's part, caused or contributed to any of Plaintiff's alleged injuries or damages. Moreover, there is no evidence that Defendant acted with a deliberate indifference to Plaintiff's medical condition when he saw Plaintiff for a medical evaluation. Finally, Plaintiff himself confirmed at his deposition that he suffered no injury or damage as a result of anything Defendant did or did not do. Defendant respectfully requests that the MSJ be granted in its entirety and the Complaint dismissed with prejudice.

## II.   STATEMENT OF FACTS

The medical records which Plaintiff attached to the complaint dispute these allegations. See *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) ("If a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint…These documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim."). Furthermore, a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes. (FRCP 10(c))  Further, "[w]hen a complaint refers to a document and the document is central to the plaintiff's claim, the plaintiff is obviously on notice of the document's contents," so the rationale for conversion to summary judgment—to allow the plaintiff an opportunity to respond in kind—"dissipates." *GFF Corp. v. Associated Wholesale Grocers*, (1997) 130 F.3d 1381, 1385; *see Parrino v. FHP, Inc.*, (1998) 146 F.3d 699, 706 n.4 ("Where…an attached document is integral to the plaintiff's claims and its authenticity is not disputed, the plaintiff 'obviously is on notice of the contents of the document and the need for a chance to refute evidence is greatly diminished.'" (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus.*, (1993) 998 F.2d 1192, 1196-97)). Moreover, the CDCR produced copies of the medical records in this case which equally refutes Plaintiff's allegations in the Complaint.

On September 10, 2021, Plaintiff was seen by Dr. Faye Montegrande for urinary incontinence. Plaintiff was requesting incontinence supplies. Dr. Montegrande's plan was to try oxybutynin prior to providing incontinence supplies. Oxybutynin is used to treat overactive bladder and urinary incontinence. The Problem List/Past Medical History including the following ongoing issues: asthma, back pain, cataract, chronic pain syndrome, cerebral vascular accident in 2011, hyperlipidemia, hypertension, posterior vitreous detachment, primary open angle glaucoma of both eyes, and procedure refused. (Dkt. 1-1, Ex. E, Page 30-31)

On September 23, 2021, Plaintiff was seen by a Licensed Vocational Nurse ("LVN") and it was explained to him that incontinence supplies could not be dispensed without an order from a primary care physician ("PCP") and the PCP had not ordered the supplies. (Dkt. 1-1, Ex. F, 33-37)

On October 1, 2021, a Registered Nurse ("R.N.") documented that there was no corroborating data, information, or diagnosis that could be found to necessitate the need for incontinence supplies, which Plaintiff's PCP had discussed with him. (Dkt. 1-1, Ex. F, 33-37)

On December 7, 2021, Plaintiff was seen by Defendant, SCOTT LADD, M.D. Defendant noted Plaintiff's past medical history, including asthma, chronic pain syndrome, history of cerebrovascular accident, hypertension, hyperlipidemia and glaucoma. Plaintiff said he felt well and endorsed a few specific complaints. Defendant noted that the nursing staff brought it to his attention that Plaintiff was reporting chronic back pain. Plaintiff was requesting a refill of his acetaminophen and ibuprofen. Given Plaintiff's history of cerebrovascular accident, Defendant cautioned Plaintiff not to overutilize ibuprofen, as it carried a cardiovascular risk. Defendant noted that Plaintiff also used a wheelchair. Plaintiff requested incontinence supplies be renewed for reported urinary incontinence; however, when asked, Plaintiff denied any history of prostate surgery or radiation (Stoddard Decl, Ex. 2, 110:22-111:1), nor a history of spinal stenosis. Defendant then explained that incontinence supplies had been abused in the prison system and he was not willing to prescribe them at that time without a clear indication. (Stoddard Decl., Ex. 2, 117:14-22) Defendant was willing to offer a trial of oxybutynin for overactive bladder with urinary incontinence. (Stoddard Decl., Ex. 2, 118:11-24) The Problem List/Past Medical History included the same issues as noted on September 10, 2021. (Dkt. 1-1, Ex. H, 39) (Stoddard, Decl., Ex. 1, Pages 1-5)

On December 29, 2021, Plaintiff was seen by another PCP who noted that Plaintiff had discontinued the Oxybutynin due to his reported side effects. Plaintiff's continued complaint of urinary incontinence was noted, which he reported only occurred at night. Plaintiff denied any fecal incontinence or bowel-related concerns. The PCP noted concern for neurogenic bladder was not likely on account that his symptoms only occurred at night; and, a prostate examination was performed, noting possible benign hypertrophy. A plan of care was noted to include a urinalysis, trial of Flomax (tamsulosin), and temporary orders for incontinence supplies, which would be re-evaluated in six months. (Dkt. 1-1, Ex. B, 19-21)

On March 7, 2022, Plaintiff was seen by another PCP, at which time he reported side effects and no symptom improvement with tamsulosin; therefore, the medication was discontinued. Plaintiff was advised that a recent prostate-specific antigen (PSA) study was within normal limits, and no further changes to his plan of care related to urinary incontinence was noted. (Dkt. 1-1, Ex. B, 19-21)

### III. ARGUMENT
#### A. Legal Standard for Summary Judgment.

"A party is entitled to summary judgment if the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *City of Pomona v. SQM North America Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). "The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Id.* "Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial." *Id.* "[T]he non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* "The court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." *City of Pomona*, 750 F.3d at 1049. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

#### B. There is No Evidence That Defendant Was Deliberately Indifferent to Plaintiff.

To establish an 8th Amendment claim arising out of inadequate medical care, an inmate-plaintiff must prove a "deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). As the *Estelle* opinion explained,

> This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment. An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain. ...(I)n the medical context, an inadvertent failure to provide adequate medical care cannot be

said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, **a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.** It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. (*Estelle v. Gamble,* 429 U.S. at 106.) [emphasis added]

In the Ninth Circuit, "a determination of deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir. 1997) (en banc).

The *McGuckin* court explained,

> Once the prisoner's medical needs and the nature of the defendant's response to those needs have been established, a determination of whether "deliberate indifference" has been established can be made. ...(T)here are certain minimum requirements before deliberate indifference can be established. First, there must be a **<u>purposeful</u>** act or failure to act on the part of the defendant. "An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain" sufficient to demonstrate deliberate indifference, *Gamble*, 429 U.S. at 105 (emphases added), nor does "an inadvertent failure to provide adequate medical care" by itself to create a cause of action under § 1983. Id. A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established. *McGuckin v. Smith* (9th Cir. 1992) 974 F.2d 1050, 1060. [emphasis added]

Thus, neither an inadvertent failure to provide adequate medical care, mere negligence, medical malpractice, nor a difference of opinion over proper medical treatment is sufficient to constitute the "deliberate indifference" sufficient to violate an inmate's civil rights. (*Simmons v. Navajo County*, *Arizona*, 609 F.3d 1011; see also *Farmer v. Brennan,* 511 U.S. 825, 836 (1994); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) The plaintiff must prove that: (a) the specific prison official, in acting or failing to act, was deliberately indifferent to an inmate's pain

or possible medical need; and (b) this indifference was the actual and proximate cause of harm to the inmate. *Leer v. Murphy,* 844 F.2d 628, 634 (9th Cir. 1988); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Indeed, a defendant is only liable under the 8th Amendment if the official "knows that inmates face a substantial risk of serious harm <u>and</u> disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847 [emphasis added]. A difference of medical opinion or judgment does not establish deliberate indifference to serious medical needs. *Estelle,* 429 U.S. at 107; *Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir. 1989) (citing *Randall v. Wyrick,* 642 F.2d 304, 308 (8th Cir. 1981)). On the other hand, evidence that a medical defendant exercised his/her *professional judgment* according to generally accepted standards of the medical community establishes the defendant did not violate plaintiff's 8th Amendment rights. *Jensen v. Lane County*, 312 F.3d 1145, 1148 (9th Cir. 2002); *Youngberg v. Romeo*, 457 US 307, 321-322 (1982).

Here, Plaintiff alleges that Defendant was deliberately indifferent to him because Defendant did not accede to Plaintiff's demand for incontinence supplies. As discussed above, Defendant evaluated Plaintiff, questioned him regarding his past medical history, confirmed that Plaintiff did not have a history of prostate surgery or radiation, or history of spinal stenosis. Defendant then explained to Plaintiff that incontinence supplies were being abused in the prison system and Defendant was not willing to prescribe them *at that time* without a clear indication. Plaintiff even agreed at deposition that a doctor would need to have some medical history, objective data, or indication before prescribing "incontinence supplies." (Stoddard Decl., Ex. 2, 124:9-20) Defendant then prescribed Plaintiff oxybutynin for overactive bladder with urinary incontinence. Thus, Defendant was not deliberately indifferent to a serious medical need of Plaintiff. (Decl. Dr. Cello, Page 3, Para. 1.) Even if a claim of urinary incontinence could be considered a "serious medical need", Defendant appropriately responded to it by questioning Plaintiff about his medical history, and then prescribing an appropriate medication to address Plaintiff's concerns/symptoms. Even Plaintiff agreed that Defendant prescribed a medication to address the incontinence issues he had been experiencing. (Stoddard Decl., Ex. 2, 119:8-11) As such, there was more than an adequate response to Plaintiff's medical needs at that time. (Decl. Dr. Cello, Page 2-3) Moreover, even if Defendant's prescription of medication to address Plaintiff's overactive bladder with urinary incontinence could be perceived as being deliberately

indifferent to a serious medical need (which clearly it cannot), there is no evidence that it was the proximate cause of any harm or injury to Plaintiff. (Decl. Dr. Cello, Page 2, Para. 1)

Plaintiff alleges in his Complaint that Defendant provided "sub-standard medical care when [Plaintiff] requested much needed continence protections." (Dkt. 1-1, Page 27, Paragraph 68) Thus, even Plaintiff concedes that Defendant was not deliberately indifferent, but rather Plaintiff alleges that Defendant provided "sub-standard" care, in other words, care that fell below the standard of care – or medical malpractice. As discussed above, not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment. Clearly, Plaintiff is not alleging a violation of his Eighth Amendment right based on deliberate indifference, Plaintiff is simply dissatisfied with the level of medical care and treatment he received since he requested incontinence supplies, and his request was denied by Defendant because it was not medically indicated. Such a fact pattern has never been held to constitute an Eighth Amendment violation, and it should not here.

A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L. Ed. 2d 811 (1994).

Here, Defendant did not deprive Plaintiff of the "minimal civilized measure of life's necessities." Plaintiff requested "incontinence supplies", but there was no medically indicated reason for said supplies, and instead Defendant prescribed medication to address Plaintiff's alleged incontinent issues. (Decl. Dr. Cello, Page 1, Para. 6) There certainly is no evidence that Defendant acted with deliberate indifference toward Plaintiff.

"Deliberate indifference is a high legal standard." *Toguchi,* 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer,* 511 U.S. at 837). "'If a prison official should have been

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada,* 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or even gross negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Toguchi*, 391 F. 3d 1051, 1058. The Eighth Amendment is not a vehicle for bringing medical malpractice claims, and not every lapse in a prisoner's medical care will rise to the level of a constitutional violation. *Estelle v. Gamble*, (1976) 429 U.S. 97, 105-06. "An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." *Id.* at 105.

There is no evidence that Defendant was aware of a substantial risk of serious harm if Plaintiff was not given the "incontinence supplies" he was demanding. Moreover, there was clearly no injury or damage by not being provided them. By all accounts Plaintiff was without "incontinence supplies" at least from September 10, 2021 (Decl. Stoddard, Ex. 2, 81:11-19; 105:13-17; 143:16-21), when he demanded them from Dr. Montegrande and they were denied, and December 7, 2021 when he finally saw Defendant and they were again denied. That's a period of nearly 3 months Plaintiff went without "incontinence supplies." During that time period, Plaintiff suffered no injury, no damage, and no adverse reaction. Clearly, Defendant was aware of no facts from which an inference could be drawn that denying Plaintiff's request for "incontinence supplies" would result in a substantial risk of serious harm, since he suffered no harm in the 3 months prior to the visit.

The Eighth Amendment serves to protect inmates only against those conditions which involve the wanton and unnecessary infliction of pain or which are repugnant to the conscience of mankind. E.g., *Farmer*, 511 U.S. at 833-34; *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 50 L. Ed. 2d 251 (1976); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Toguchi*, 391 F.3d at 1056-57. Here, nether the allegations in the Complaint nor the facts of this case, either directly or indirectly support a finding that Defendant acted with wanton disregard for Plaintiff's medical condition. Defendant respectfully requests that Defendant's motion for summary judgment be granted in its entirety.

**C. Defendant's Care and Treatment of Plaintiff Complied with the Standard of Care and did not Cause or Contribute to Plaintiff's Alleged Injuries.**

Defendant's expert, John Patrick Cello, M.D., confirms that Defendant SCOTT LADD, M.D.'s care and treatment of Plaintiff complied with the standard of care. (Decl. Dr. Cello). Dr.

Cello's opinion was that Defendant SCOTT LADD, M.D.'s evaluation of Plaintiff on December 7, 2021 complied with the standard of care. (Decl. Cello, Page 1, 6; Page 3, Para 1 & 3.) Dr. Cello confirms that nothing Defendant did or did not do caused any injury to Plaintiff. (Decl. Cello, Page 2, Para. 1) Plaintiff himself confirmed that he never experienced any injury as a result of not receiving "incontinence supplies". (Stoddard Decl., Ex. 2, 144:1-7; 144:16-145:8) Plaintiff literally testified that he did not sustain any "physical injuries that was directly related to the urine itself. No." Plaintiff confirmed that he did not sustain any "physical injuries from the urine itself." (Stoddard Decl., Ex. 2, 145:17-146:2)

Even if Defendant SCOTT LADD, M.D.'s care was inadequate or negligent, this alone would be insufficient to constitute "deliberate indifference". *Simmons v. Navajo County, Arizona,* 609 F.3d 1011; see also *Farmer v. Brennan*, 511 U.S. 825, 836 (1994); *Toguchi v. Chung,* 391 F.3d 1051, 1060 (9th Cir. 2004).

Therefore, Defendant's care and treatment of Plaintiff at all times complied with the standard of care, and no act or omission on the part of Defendant, caused or contributed to any of Plaintiff's alleged injuries. Plaintiff himself confirmed he did not sustain any injuries from being denied the "incontinence supplies." Thus, Defendant's motion for summary judgment must be granted in its entirety.

### IV. CONCLUSION

There is no merit to Plaintiff's Complaint. Therefore, Defendant respectfully requests that this motion for summary judgment be granted in its entirety and the Complaint be dismissed with prejudice.

Dated: September 27, 2023

ZENERE COWDEN & STODDARD APC

JAMES ZENERE
ADAM STODDARD
Attorneys for Defendants SCOTT LADD, M.D.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9