1  ROB BONTA
   Attorney General of California
2  CHRISTOPHER H. FINDLEY
   Supervising Deputy Attorney General
3  ERIC MIERSMA
   Deputy Attorney General
4  State Bar No. 190819
     600 West Broadway, Suite 1800
5    San Diego, CA 92101
     P.O. Box 85266
6    San Diego, CA 92186-5266
     Telephone: (619) 738-9061
7    Fax: (619) 645-2061
     E-mail: Eric.Miersma@doj.ca.gov
8  *Attorneys for Defendants*
   *R. Mojica, S. Sawyer, M. Lotersztain, M.D., F.*
9  *Montegrande, M.D., California Department of*
   *Corrections and Rehabilitation, and M. Atchley*

10

11              IN THE UNITED STATES DISTRICT COURT

12           FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14

15

| | |
|---|---|
| **BILAL ADOM,** | 4:22-cv-07150-JSW |
| Plaintiff, | **DEFENDANT MONTEGRANDE'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL** |
| v. | |
| **CDCR, et al.,** | |
| Defendants. | |

16

17

18

19

20

21

22          Defendant F. Montegrande, M.D., hereby answers Plaintiff Bilal Adom's Complaint as

23  corrected (ECF Nos. 1 and 5) as follows. Unless otherwise stated, all allegations are denied.

24          1.      Answering Paragraph I, Introduction, Defendant does not have sufficient information

25  to admit or deny these allegations and, on that basis, denies them.

26          2.      Answering Paragraph II, Jurisdiction, and Paragraph III, Venue, Defendant admits

27  jurisdiction and venue are proper in the Northern District of California. Defendant denies all of

28  the remaining allegations in these paragraphs.

                                        1

3.     Answering Paragraph IV, Exhaustion of Administrative Remedies, Defendant does not have sufficient information to admit or deny these allegations and, on that basis, denies them.

4.     Answering Paragraph V, Parties, Defendant admits Plaintiff (T28813) is currently incarcerated at Salinas Valley State Prison and at all times relevant to this Complaint was incarcerated at Salinas Valley State Prison.  Defendant does not have sufficient information to admit or deny the remaining allegations and, on that basis, denies them.

5.     Answering Paragraph 5, Defendant admits M. Atchley is a named defendant in this matter.  Defendant denies all of the remaining allegations in this paragraph.

6.     Answering Paragraph 6, Defendant admits S. Sawyer is a named defendant in this matter.  Defendant denies all of the remaining allegations in this paragraph.

7.     Answering Paragraph 7, Defendant admits R. Mojica is a named defendant in this matter.  Defendant denies all of the remaining allegations in this paragraph.

8.     Answering Paragraph 8, Defendant admits F. Montegrande is a named defendant in this matter and is a licensed medical doctor.  Defendant denies all of the remaining allegations in this paragraph.

9.     Answering Paragraph 9, Defendant does not have sufficient information to admit or deny these allegations and, on that basis, denies them.

10.     Answering Paragraph 10, Defendant admits M. Lotersztain is a named defendant in this matter.  Defendant denies all of the remaining allegations in this paragraph.

11.     Answering Paragraph 11, Defendant does not respond to claims regarding B. Rubio because the Court dismissed her in its Order of Partial Dismissal and of Service (ECF No. 9).

12.     Answering Paragraph 12, Defendant does not have sufficient information to admit or deny these allegations and, on that basis, denies them.

13.     Answering Paragraph 13, Defendant does not respond to claims regarding Eighth Amendment claims against CDCR because the Court dismissed them in its Order of Partial Dismissal and of Service (ECF No. 9).  Defendant denies all of the remaining allegations in this paragraph.

14.     Answering Paragraph 14, Defendant does not have sufficient information to admit or deny these allegations and, on that basis, denies them.

15.     Answering Paragraph 15, Defendant denies she acted in violation of laws under the U.S. Constitution, the Equal Protection Clause, and Title II of the Americans with Disabilities Act. Defendant does not have sufficient information to admit or deny the remaining allegations and, on that basis, denies them.

16.     Answering Paragraphs 16 through 26, Defendant admits Plaintiff (T28813) is currently incarcerated at Salinas Valley State Prison and at all times relevant to this Complaint was incarcerated at Salinas Valley State Prison. Defendant admits Plaintiff was transferred from Alpha yard to Delta yard in or about August 2021. Defendant does not have sufficient information to admit or deny the remaining allegations and, on that basis, denies them.

17.     Answering Paragraphs 27 through 29, Defendant does not respond to claims regarding B. Rubio because the Court dismissed her in its Order of Partial Dismissal and of Service (ECF No. 9). Defendant does not have sufficient information to admit or deny the remaining allegations and, on that basis, denies them.

18.     Answering Paragraphs 30 through 40, Defendant admits Plaintiff filed a health care grievance (HC 21001578) received on September 16, 2021. Defendant admits she examined Plaintiff on September 10, 2021, after he returned from a visit to an off-site ophthalmology appointment with Dr. K. Rasheed. Defendant admits she performed a standard extremity strength test and reflex test of Plaintiff, and a standard leg reflex exam. Defendant denies all of the remaining allegations in these paragraphs.

19.     Answering Paragraphs 41 through 53, Defendant does not have sufficient information to admit or deny these allegations and, on that basis, denies them.

///

///

///

///

///

3

20.     Answering Paragraph 54, Section VII, Statement of Facts, Defendant admits Plaintiff submitted the following grievances:  SVSP HC21001617, SVSP HC21001725, OOA 170591, OOA 180018, OOA 231885, and SVSP HC 21000098.  Defendant denies all of the remaining allegations in this paragraph.

21.     Answering Paragraphs 54 through 57, Section VIII, Legal Arguments/Points and Authorities, Defendant denies acting with "Deliberate Indifference to Serious Medical Needs" and denies violating Plaintiff's constitutional rights.  Defendant denies all of the remaining allegations in these paragraphs.

22.     Answering Paragraphs 58 through 65, Section IX, ADA Claim against CDCR, Defendant does not have sufficient information to admit or deny the allegations against Defendant CDCR and, on that basis, denies them.

23.     Answering Paragraph 66, Defendant denies acting with deliberate indifference to Plaintiff's serious medical needs and denies violating Plaintiff's Eighth Amendment rights. Defendant does not respond to claims regarding B. Rubio because the Court dismissed her in its Order of Partial Dismissal and of Service (ECF No. 9).  Defendant denies all of the remaining allegations in this paragraph.

24.     Answering Paragraph 67, Defendant admits meeting Plaintiff only once on September 10, 2021.  Defendant denies all of the remaining allegations in this paragraph.

25.     Answering Paragraph 68, Defendant does not have sufficient information to admit or deny the allegations and, on that basis, denies them.

26.     Answering Paragraph 69, Defendant does not have sufficient information to admit or deny the allegations and, on that basis, denies them.

27.     Answering Paragraph 70, Defendant does not respond to claims regarding B. Rubio because the Court dismissed her in its Order of Partial Dismissal and of Service (ECF No. 9). Defendant denies all of the remaining allegations in this paragraph.

///

///

///

28.     Answering Paragraph 71, Defendant does not have sufficient information to admit or deny the allegations and, on that basis, denies them.

29.     Answering Paragraph 72, Defendant does not have sufficient information to admit or deny the allegations and, on that basis, denies them.

30.     Answering Paragraphs 73 through 79, Defendant denies violating Plaintiff's constitutional rights.  Defendant denies all of the remaining allegations in these paragraphs.

31.     Answering Paragraphs 80 through 85, Defendant does not have sufficient information to admit or deny the allegations and, on that basis, denies them.

32.     Answering Section XII, Demand for Jury Trial, Defendant finds no charging allegation in this section.

33.     Answering Section XIII, Conclusion, as corrected (ECF No. 5), Defendant denies all of the allegations in this section.

34.     Answering Section XIV, Demand for Jury Trial, as corrected (ECF No. 5), Defendant finds no charging allegation in this section.

35.     Answering Section XV, Prayer for Relief, as corrected (ECF No. 5), Defendant denies she violated Plaintiff's rights and denies that Plaintiff is entitled to any compensatory damages, punitive damages, injunctive relief, or any other relief whatsoever.  Defendant denies all of the remaining allegations in this section.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following separate and affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES)**

Plaintiff's claims are barred by 42 U.S.C. § 1997e(a), in that Plaintiff failed to exhaust administrative remedies as to Defendant and/or claims asserted in this action.

**SECOND AFFIRMATIVE DEFENSE**

**(QUALIFIED IMMUNITY)**

Defendant is entitled to qualified immunity because there can be no constitutional violation based on the facts alleged or presented, and because Defendant's conduct did not violate clearly

5

established law of which a reasonable person would have known. At all relevant times, Defendant acted within the scope of discretion, with due care, with a good faith fulfillment of responsibilities pursuant to applicable statutes, rules, regulations, and practices, and with the good-faith belief that the actions comported with the Constitution and all applicable federal and state laws.

### THIRD AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE)

Plaintiff's claims for damages are barred, or should be reduced, because Plaintiff failed to exercise reasonable diligence to mitigate the nature and extent of all claims and alleged injuries.

### FOURTH AFFIRMATIVE DEFENSE

### (NO LIABILITY FOR CONTRIBUTORY CONDUCT)

Plaintiff's alleged injuries or damages were the result of Plaintiff's own negligent or deliberate actions.

### FIFTH AFFIRMATIVE DEFENSE

### (THIRD PARTIES)

To the extent Plaintiff sustained damages by reason of the matters alleged in the Complaint, which Defendant hereby denies, those damages were caused in whole or in part by the negligence or fault of third persons for whose actions Defendant is in no way responsible.

### SIXTH AFFIRMATIVE DEFENSE

### (ELEVENTH AMENDMENT IMMUNITY)

Defendant is immune under the Eleventh Amendment from damages while acting in her official capacity.

### DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all issues presented by Plaintiff's Complaint.

### PRAYER FOR RELIEF

Defendant prays that:

1. Judgment be rendered in favor of Defendant and against Plaintiff;

2. Plaintiff take nothing by the Complaint;

3. Defendant be awarded costs of suit and attorneys' fees; and

4. Defendant be awarded any other relief the Court deems proper.

Dated: October 24, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
CHRISTOPHER H. FINDLEY
Supervising Deputy Attorney General

**/s/ Eric Miersma**

ERIC MIERSMA
Deputy Attorney General
*Attorneys for Defendants*
*R. Mojica, S. Sawyer, M. Lotersztain, M.D.,*
*F. Montegrande, M.D., California*
*Department of Corrections and*
*Rehabilitation, and M. Atchley*

SF2023801143
84208284.docx

# CERTIFICATE OF SERVICE

Case Name: **Bilal Adom v. CDCR, et al.**          No. **4:22-cv-07150-JSW**

I hereby certify that on <u>October 24, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT MONTEGRANDE'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>October 24, 2023</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Bilal Adom
T28813
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1020
In Pro Se

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>October 24, 2023</u>, at San Diego, California.

|   H. Tesfagiorgis   |   /s/ H. Tesfagiorgis   |
|:---:|:---:|
| Declarant | Signature |

SF2023801143
84213887.docx