Rob Bonta
Attorney General of California
Christopher H. Findley
Supervising Deputy Attorney General
Eric Miersma
Deputy Attorney General
State Bar No. 190819
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 738-9061
 Fax: (619) 645-2061
 E-mail: Eric.Miersma@doj.ca.gov
*Attorneys for Defendants
R. Mojica, S. Sawyer, M. Lotersztain, M.D., F. Montegrande, M.D., California Department of Corrections and Rehabilitation, and M. Atchley*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **BILAL ADOM,**<br><br>Plaintiff,<br><br>v.<br><br>**CDCR, et al. ,**<br><br>Defendants. | 4:22-cv-07150-JSW<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: The Honorable Jeffrey S. White<br>Trial Date: None Set<br>Action Filed: November 15, 2022 |

Defendants R. Mojica, S. Sawyer, M. Lotersztain, M.D., F. Montegrande, M.D., California Department of Corrections and Rehabilitation, and M. Atchley respectfully submit the following Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

## I.

## PLAINTIFF'S OBJECTIONS TO EVIDENCE ARE WITHOUT MERIT

Plaintiff repeatedly objects to facts stated by Defendants as unsupported by "objective evidence." (*See*, for example, Plaintiff's Opposition [ECF 43], page 40, line 10.) However,

1

Defs.' Reply re Mot. for Summ. J. (4:22-cv-07150-JSW)

summary judgment may be granted based on citations to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials […]." (Fed. R. Civ. P. 56(c)(1)(A).)

Here, Defendants cite to multiple Declarations with attached authenticated documents and to Plaintiff's Verified Complaint and exhibits [ECF 1, page 37]. Motions for summary judgment may be supported by sworn affidavits. (*LeBoeuf, Lamb, Greene & MacRae, LLP v.Worsham* (2nd Cir. 1999) 185 F.3d 61, 65-66; *Moss v. BMC Software, Inc.* (5th Cir. 2010) 610 F.3d 917, 927.) Documents attached to a verified complaint may be considered in motions for summary judgment. (See, *McElyea v. Babbitt* (9th Cir. 1987) 833 F.2d 196, 197-198.) Plaintiff may disagree with the proffered evidence, but there is no merit to the objection that no "objective evidence" was produced.

To the extent Plaintiff alleges what Defendants should or should not have done for his medical treatment, Plaintiff is not a medical expert and any medical opinions he provides should be disregarded. (See *Hodges v. Corizon Health, Inc.* (2020) 837 Fed.Apx. 466, 468, citing *Franklin v. Or. State Welfare, Div.*, (1981) 662 F.2d 1337, 1344.) Furthermore, a difference of opinion between the physician and a plaintiff-inmate does not amount to deliberate indifference. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

## II.

## EXHAUSTION

Plaintiff argues that he did exhaust his administrative remedies against Defendants Lotersztain, Mojica, Sawyer, and Atchley, but does not provide any evidence in support of his arguments. Plaintiff filed three grievances and not one of them mentioned any of the Defendants by name. In fact, all of the grievances were filed in September 2021, three months before he even saw Defendant Lotersztain on December 29, 2021. There are many persons involved in health care and appeals. Plaintiff does not specifically identify a person or otherwise provide sufficient specific information to identify the person against whom the grievance is made. Plaintiff therefore cannot claim he exhausted his administrative remedies. *Robinson v. Cryer*, No. 20-cv-

2

Defs.' Reply re Mot. for Summ. J. (4:22-cv-07150-JSW)

00980, 2023 U.S. Dist. LEXIS 68394, at 17-19 (E.D. Dist. Cal. April 19, 2023).  Moreover, it is only the initial grievance that is considered.  Allegations in subsequent appeals do not qualify.  *Sapp v. Kimbrell*, 623 F.3d 813, 818, 825 (9th Cir. 2010) (raising an issue for the first time at the second level of appeal does not exhaust the issue); *Roberts v. Beard*, No. 15cv1044 WQH PCL, 2018 U.S. Dist. LEXIS 88520, at 27-28; 2018 WL 2407119 at *8 (S.D. Cal. May 25, 2018) (same).  Summary judgment should be granted in favor of Defendants Lotersztain, Mojica, Sawyer, and Atchley because Plaintiff failed to exhaust his administrative remedies.

## III.

## DELIBERATE INDIFFERENCE

A. <u>Montegrande</u>

Plaintiff disputes that the last day he was given his incontinence supplies was August 20, 2021.  However, even if Plaintiff is correct and his incontinence supplies were last given to him on 9/1/21 (Exh. A [ECF 43, page 64]), or sometime between August 27, 2021 and September 3, 2021 [ECF 43, page 40, lines 25-26], instead of in August 2021, it does not change the fact that Dr. Montegrande only saw Plaintiff once, on September 10, 2021, after the latest date Plaintiff received his incontinence supplies.  (Declaration of Montegrande [ECF 37-6, paragraph 8].)  Dr. Montegrande did not issue any incontinence supplies and was not the one who discontinued them.  The September 15, 2021 date referenced by Plaintiff [ECF 43, page 53, line 5] is the date the existing incontinence supply order expired [Plaintiff's Exh. D, ECF 43, page71-72].  According to Dr. Montegrande, Plaintiff's incontinence supplies were discontinued when he was transferred from Alpha Yard to Delta Yard on August 16, 2021.  (Decl. of Montegrande, para. 8.)  Dr. Montegrande was not deliberately indifferent and summary judgment should be granted in her favor.

As for the exam conducted by Dr. Montegrande, Plaintiff does not offer any new evidence but simply reiterates his existing allegations.  Dr. Montegrande was not deliberately indifferent to Plaintiff by reason of the exam she conducted.

\\\

\\\

3

Defs.' Reply re Mot. for Summ. J.  (4:22-cv-07150-JSW)

B. Mojica, Atchley, Lotersztain, and Sawyer

Plaintiff reiterates his existing allegations without providing any evidence to support them. Plaintiff does make the allegation that he did not provide verbal or written consent to the exam performed by Lotersztain. [ECF 43, page 55, line 1.] However, in his deposition he testified that he gave his non-verbal consent by not refusing the exam and understood the concept of informed consent. (Decl. of Miersma, para. 2.)[1] Declarations or argument that contradict deposition testimony or pleadings do not create an issue of fact. *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 806 (1999); *Van Asdale v. Inernational Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009). When a party's story is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007). None of these Defendants were deliberately indifferent to a serious medical need.

## IV.

## CDCR DID NOT DISCRIMINATE AGAINST PLAINTIFF

Plaintiff does not provide any new evidence in support of his claims, but instead reiterates the allegations of his Complaint. Rather than discrimination or deliberate indifference, Plaintiff simply disagrees with the medical treatment he received. The fact that Plaintiff disagreed with the care is not a basis for liability under existing law. *Toguchi. v. Chung*, 391 F.3d 1051, 1059-61 (9th Cir. 2004).

## V.

## QUALIFIED IMMUNITY

Plaintiff again does not provide any new evidence in support of his claims, but continues to reiterate his existing allegations. Defendants Montegrande and Lotersztain provided reasonable and necessary care to Plaintiff. Defendants Atchley, Sawyer, and Mojica did not have direct involvement with Plaintiff, are not medical staff, and relied on medical staff in the performance of their supervisory roles. Each of these Defendants is entitled to qualified immunity.

---

[1] Evidence is permitted in a reply if in direct response to evidence raised in an opposition. In re Conagra Foods, Inc., 302 F.R.D. 537, 559 n.87 (C.D. Cal. 2014) ("[e]vidence submitted in direct response to evidence raised in the opposition, however, is not 'new'").

4

# VI.
# CONCLUSION

Plaintiff's Opposition repeatedly argues that Defendants have not provided any "objective evidence" to support their Motion for Summary Judgment. However, Defendants actually provided substantial objective evidence in the form of sworn declarations, Plaintiff's Verified Complaint with exhibits, and Plaintiff's deposition testimony. Instead, it is Plaintiff who has not provided any new evidence to support his claims and instead reiterates his existing allegations and conclusory statements. Defendants were not deliberately indifferent to Plaintiff's medical needs. He just disagreed with the treatment he received. Moreover, Plaintiff has not exhausted his administrative remedies as to Defendants Lotersztain, Mojica, Sawyer, and Atchley, and they should be dismissed on that ground alone. For all the foregoing reasons, Defendants respectfully request this Court grant their Motion for Summary Judgment.

Dated: February 20, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
CHRISTOPHER H. FINDLEY
Supervising Deputy Attorney General

*/S/ ERIC MIERSMA*
ERIC MIERSMA
Deputy Attorney General
*Attorneys for Defendants
R. Mojica, S. Sawyer, M. Lotersztain, M.D., F. Montegrande, M.D., California Department of Corrections and Rehabilitation, and M. Atchley*

SF2023801143
84388385.docx

5

Defs.' Reply re Mot. for Summ. J. (4:22-cv-07150-JSW)

# CERTIFICATE OF SERVICE

Case Name:   **Bilal Adom v. CDCR, et al.**         No.   **4:22-cv-07150-JSW**

I hereby certify that on February 20, 2024, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**DECLARATION OF ERIC MIERSMA IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On February 20, 2024, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Bilal Adom
T28813
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA  93960-1020
In Pro Se

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on February 20, 2024, at San Diego, California.

|   H. Tesfagiorgis   |   /s/ H. Tesfagiorgis   |
| :---: | :---: |
|  Declarant  |  Signature  |

SF2023801143
84393720.docx