Glenn Katon (SBN 281841)
KATON.LAW
385 Grand Avenue, Suite 200
Oakland, CA 94610
T: (510) 463-3350
F: (510) 463-3349
gkaton@katon.law

**PROPOSED ATTORNEY FOR PLAINTIFF BILAL ADOM**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL ADOM,<br><br>Plaintiff,<br><br>vs.<br><br>CDCR, et al.,<br><br>Defendants. | Case No. 4:22-cv-07150-JSW<br><br>**UNOPPOSED ADMINISTRATIVE MOTION FOR COUNSEL TO APPEAR ON BEHALF OF PLAINTIFF THROUGH SETTLEMENT CONFERENCE; DECLARATION IN SUPPORT** |

Plaintiff Bilal Adom moves unopposed for leave to have Glenn Katon appear as counsel for Plaintiff through the currently scheduled court-ordered settlement conference, based upon the following:

Plaintiff has proceeded pro se throughout this case in the District Court. On remand from the Ninth Circuit, the Court ordered the parties to participate in a settlement conference with Magistrate Judge Robert M. Illman on December 9, 2026, at 10:00 a.m. ECF 62. Undersigned counsel would like to assist Plaintiff pro bono to try to resolve the matter. Counsel is a solo practitioner and cannot commit to full scope representation of Plaintiff pro bono. If the case does not resolve through the settlement conference, counsel will confer with Plaintiff about the terms of possible representation. Thus, counsel would like to represent Plaintiff with a limited scope through the settlement conference, akin to when the Court appoints attorneys through its Pro

Bono Panel to represent pro se parties by limited scope for a settlement conference. If the case does not settle, counsel will notify the Court within 30 days of the settlement conference whether he is to remain in the case as full-scope counsel for Plaintiff.

Respectfully submitted,

KATON.LAW

/s/ Glenn Katon
Glenn Katon

**DECLARATION**

I, GLENN KATON, declare as follows:

1. I am an attorney licensed to practice law in California and in the U.S. District Court for the Northern District of California. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to them. I make this declaration in support of Plaintiff's Administrative Motion For Counsel To Appear On Behalf Of Plaintiff Through Settlement Conference.

2. My main area of practice is representing plaintiffs in police misconduct and prisoners' rights cases. I occasionally take cases through this Court's Pro Bono Program, including Case 5:18-cv-02899-VKD, Case 5:23-cv-01749-NW, and Case 3:24-cv-06232-WHO.

3. This case did not come to me through the Pro Bono Program. Rather, I became aware of the case from the lawyer who represented Plaintiff on appeal.

4. I am a solo practitioner and cannot commit to full scope representation of Plaintiff pro bono due to my current caseload and the financial demands of that caseload. I am, however, interested in representing Plaintiff pro bono through the court-ordered settlement conference scheduled for December 9, 2026.

5. If I represent Plaintiff and the case does not resolve through the settlement conference, I will confer with Plaintiff about the terms of possible full scope representation.

6. Thus, I would like to represent Plaintiff with a limited scope through the settlement conference, akin to when the Court appoints attorneys through its Pro Bono Panel to represent pro se parties for such purpose.

7. If the case does not settle, I will notify the Court within 30 days of the settlement conference whether I can remain in the case as full-scope counsel for Plaintiff.

8. I conferred by email with Deputy Attorney General Eric Miersma, counsel for the two remaining defendants in this case. He does not oppose the relief sought in this motion but would not agree to move by stipulation.

I declare under penalty of perjury that the foregoing is true and correct. Executed on Nov. 9, 2026.

/s/ Glenn Katon
Glenn Katon